

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:JGH/JEA/BK                                *271 Cadman Plaza East*
                                              *Brooklyn, New York 11201*

March 2, 2020

By ECF

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Moustafa Ayoub
             Magistrate No. 20-106 (RLM)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter to provide additional information regarding the potential criminal forfeiture of defendant Moustafa Ayoub's property at 42nd Street in Queens (the "42nd Street Property"), which Ayoub has offered to secure his bail. If Ayoub is convicted of the charged offenses, the government expects to seek criminal forfeiture of the 42nd Street Property, thus rendering it unsuitable for bail purposes. There are at least two independent bases to forfeit the 42nd Street Property, both discussed below.

      A.    Forfeiture Pursuant to 18 U.S.C. § 982

      The 42nd Street Property is forfeitable under the provisions of 18 U.S.C. § 982 based upon Ayoub's and his coconspirators' pervasive use of the property to execute the years-long money laundering conspiracy charged in the criminal complaint. Under 18 U.S.C. § 982, "any property, real or personal, involved in such offense, or any property traceable to such property" is subject to criminal forfeiture. The term "involved in" has consistently been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the money laundering offense. See United States v. Schlesinger, 396 F. Supp. 2d 267, 271–72 (E.D.N.Y. 2005) (collecting cases). "Facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. Sabhnani, 566 F. Supp. 2d 148, 152 (E.D.N.Y. 2008), (quoting United States v. Wyly, 193 F.3d 289, 302 (5th Cir. 1999)). Indeed, in United States v. G.P.S. Automotive Corp., 66 F.3d 483, 486 (2d Cir. 1995), the Second Circuit upheld the forfeiture of the defendants' real property, finding that there were several unlawful transaction that were directly related to the charged fraud and money laundering. See also In re 650 Fifth Ave. & Related Props., 777 F. Supp. 2d 529, 563 (S.D.N.Y. 2011) (collecting cases holding that property used to facilitate a money laundering offense is "involved in" the offense).

The 42nd Street Property's involvement in facilitating the money laundering is overwhelming. The evidence, including witness testimony, phone recordings, phone records and bank and credit records, will show that Ayoub used the 42nd Street Property to facilitate the money laundering by, among other things, (1) repeatedly meeting with coconspirators there to receive stolen personally identifiable information of JPMorgan Chase customers which was then used to steal and launder more than $7 million, (2) operating fraudulent financial accounts using the 42nd Street Property address, and (3) using one or more computers at the property to repeatedly execute money laundering transactions. Indeed, the 42nd Street Property was critical to the charged crimes, which netted Ayoub and his girlfriend more than $2 million in stolen funds.

B.  Forfeiture Pursuant to 18 U.S.C. § 981

The government is also entitled under 18 U.S.C. § 981(a)(1)(C) to seek forfeiture of the derived proceeds of the criminal conspiracy that funded Ayoub's and his girlfriend's numerous mortgage payments on the 42nd Street Property. Under Section 981(a)(1) C), "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity'" is subject to forfeiture. 18 U.S.C. § 981(a)(1)(C). To date, the evidence shows that more than $120,000 in criminal proceeds derived from specified unlawful activity, in this case bank fraud, were directly used or commingled with other funds by Ayoub to make repeated mortgage payments on the 42nd Street property during the charged period. The property is thus subject to forfeiture. See United States v. Ohle, 678 F. Supp. 2d 215, 221 & n.4 (S.D.N.Y. 2010) (§ 981(a)(1)(C) authorizes forfeiture of proceeds of any specified unlawful activity or any conspiracy to commit such offense).

In sum, the government has a strong legal and factual basis upon which to seek criminal forfeiture of the 42nd Street Property which, as this Court has already acknowledged, would render the property unsuitable to ensure the defendant's future appearance in court.[1]

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Josh Hafetz
      Josh Hafetz
      Assistant U.S. Attorney
      (718) 254-6290

---

[1] To date, the only argument advanced in opposition to the government's position is the assertion that, based on Timbs v. Indiana, 139 S. Ct. 682 (2019), the Supreme Court has begun to "trim the sails" of the government's forfeiture authority. Defendant's reliance on Timbs is misplaced. First, Timbs stands for the proposition that the Eighth Amendment applies to state forfeiture proceedings; it thus has no bearing here. Moreover, entirely unlike the defendant's use of the property in Timbs, Ayoub maintained the 42nd Street Property by making multiple mortgage payments with illegally obtained or commingled proceeds, and used the property to facilitate the theft and laundering of millions of dollars more than the property is worth.

2